UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVON EUGENE RAMOS,

            Plaintiff,

    -against-

NEW YORK CITY POLICE DEPARTMENT;
COUNTY OF BRONX COURTS/DISTRICT
ATTORNEY; NEW YORK CITY
DEPARTMENT OF CORRECTIONS,

            Defendants.

24-CV-8340 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is in custody of the New York State Department of Corrections

and Community Supervision, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that

Defendants violated his rights when he was detained on Rikers Island. Named as Defendants are

the New York City Police Department ("NYPD"); "County of Bronx Courts/District Attorney";

and the New York City Department of Correction ("DOC"). By order dated November 13, 2024,

the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff alleges,

The new bail laws says if arrested for my charges 140.25 and 260.10 along with a
4 pg list of other crimes then bail must not be set and the release shall be non
monetary. When I confronted situation seeking for corrections I stopped being
produced in court. Befor[e] that they waived my testimony before a grand jury
injustly out of open court, without my signature, or witness of a District Attorney,
Judge, and Counsel like the NYS Constitution say it has to be. My bail was set
excessively at 150,000$ over 450,000$ violating amendment #8 of the
Constitution while waiving my grand jury violates #5 of the US constitution as
well as our NYS constitution.

(ECF 1, at 6-7.)

Plaintiff further alleges that his bail was set "for previous bench warrants on old cases

reflected by the record in open court" and that he was "not released on non-monetary

conditions." (*Id.* at 5.)

Plaintiff seeks money damages.

**DISCUSSION**

**A.     Claims Against City Agencies**

Plaintiff's claims against the NYPD and DOC must be dismissed because an agency of

the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll

actions and proceedings for the recovery of penalties for the violation of any law shall be brought

in the name of the city of New York and not in that of any agency, except where otherwise

provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also*

*Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is

generally prohibited from suing a municipal agency.").

Even if the Court were to construe Plaintiff's Section 1983 claims against the NYPD and

DOC as being asserted against the City of New York, those claims would still fail. When a

plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that

one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Here, nothing in the complaint suggests that the City of New York has a policy, practice, or custom that has caused a violation of his federal constitutional rights.

**B.      Eleventh Amendment Immunity**

Plaintiff names as a defendant "County of Bronx Courts/District Attorney." (ECF 1, at 1.) "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. Furthermore, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Id.* at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against

New York Supreme Court barred by the Eleventh Amendment (citing *Gollomp*, 568 F.3d at

368)).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and

Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v.*

*Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Bronx County Courts – a

part of the New York State Unified Court System – are therefore entitled to Eleventh

Amendment immunity.

To the extent Plaintiff also seeks to sue the Bronx County District Attorney in her official

capacity, those claims are also barred by the Eleventh Amendment. "When prosecuting a

criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity,

represents the State not the county." *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). A District

Attorney's Office in the State of New York is therefore afforded Eleventh Amendment immunity

with regard to decisions made while acting in a prosecutorial capacity.[2] *See, e.g.*, *Woodward v.*

*Office of Dist. Atty.*, 689 F. Supp. 2d 655, 659 (S.D.N.Y. 2010) ("To the extent that [the plaintiff]

seeks to assert claims against the District Attorney's Office in federal court, his claims are also

barred by the Eleventh Amendment." (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522,

529 (2d. Cir. 1993)).

The Court therefore dismisses Plaintiff's claims these defendants as barred by the

Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[2] To the extent Plaintiff is attempting to assert claims against the Bronx District Attorney with respect to the management of the office, the district attorney is acting as a municipal policymaker and may therefore be held liable under the standard for municipal liability under Section 1983. *See Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992). As discussed above, however, Plaintiff does not allege any facts suggesting a viable municipal liability claim under Section 1983.

### C.    Prosecutorial Immunity

To the extent that, in naming the "District Attorney," Plaintiff is seeking to sue individual

prosecutors in the District Attorney's Office in relation to actions taken in the course of his

criminal proceedings, those claims are dismissed under the doctrine of prosecutorial immunity.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their

official duties where the challenged activities are not investigative in nature but, rather, are

"'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694

F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also*

*Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a

"functional approach" that "looks to the nature of the function performed, not the identity of the

actor who performed it" (internal quotation marks and citations omitted)). In addition,

prosecutors are absolutely immune from suit for acts that may be administrative obligations but

are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335,

344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that

ADAs' direction as to where criminal defendant would be arraigned was in preparation for a

court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore

shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, any claims Plaintiff may be asserting against individual assistant district attorneys

are based on actions within the scope of their official duties and associated with the conduct of a

trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant

who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous,

28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding

that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated

with the judicial phase of the criminal process").

D.      **Excessive Bail**

The Court construes Plaintiff's allegation that his bail was excessive as attempting to

assert a claim under the Eighth Amendment, which provides that "[e]xcessive bail shall not be

required." U.S. Const. amend. VIII. "In New York, the decision to set bail – and the amount at

which it is set – is made by and at the discretion of the presiding judge." *Sullivan v. City of New

York*, No. 14-CV-1334 (JMF), 2015 WL 5025296, at *8 (S.D.N.Y. Aug. 25, 2015), *aff'd*, 690 F.

App'x 63 (2d Cir. 2017) (summary order); *see* N.Y. Crim. Proc. Law § 530.10.; *see also In re

Bauer*, 3 N.Y.3d 158, 163 (2004) (observing that in New York, "bail is discretionary and that

there may be a wide range in the amounts set by reasonable judges"). However, "judges enjoy

absolute immunity" from claims for damages arising from when they set bail because bail

decisions are inherently judicial. *Root v. Liston*, 444 F.3d 127, 132 (2d Cir. 2006); *see Mireles v.

Waco*, 502 U.S. 9, 11-12 (1991) (discussing doctrine of judicial immunity). Accordingly, even if

Plaintiff had named as a defendant the individual judge who set his bail, his Eighth Amendment

claim must be dismissed under the doctrine of judicial immunity.

If a criminal defendant wants to challenge his state court bail determinations, he may do

so through a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See United States ex

rel. Goodman v. Kehl*, 456 F.2d 863, 868 (2d Cir. 1972) ("Federal habeas corpus has been

recognized to be an appropriate remedial device for bringing before a federal court challenges to

state bail practices before and during a criminal proceeding after exhausting all available state

remedies."). Before filing such a petition in a federal district court, the person must exhaust all

available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.

484, 490 (1973) (regarding a § 2241 petition, "[u]nder these circumstances it is clear that [the

petitioner] has exhausted all available state court remedies for consideration of [his]

constitutional claim, even though [the state] has not yet brought him to trial."); *United States ex

*rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

The Court declines to construe the complaint as a petition under Section 2441 because Plaintiff seeks money damages, not release from custody, and because he alleges no facts suggesting that he has exhausted his state court remedies before bringing this action.

**E.    Grand Jury Testimony**

Plaintiff also alleges that he was denied the opportunity to testify before the grand jury. He does not allege which of the named defendants allegedly violated his rights; he only states that "they" unlawfully waived his right to testify. (ECF 1, at 6.) For the reasons stated above, however, all of the named defendants in this action are immune from claims for damages under Section 1983. Even if Plaintiff had intended to assert a Section 1983 claim against his attorney for providing ineffective assistance of counsel, such a claim would fail because, absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983).

To the extent Plaintiff seeks to assert claims of legal malpractice against his attorney, whom he does not name as a defendant, such claims arise under state law, not federal law.[3]

## F.    Claims Under State Law

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## G.    Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[3] To the extent Plaintiff wishes to bring a federal challenge to a state court conviction on the grounds that his attorney provided ineffective assistance of counsel, he may do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 once he has fully exhausted his claims in the state court by presenting them through the state's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

## CONCLUSION

The Court dismisses the complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1),

under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

  Dated:    December 10, 2024
            New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge